NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1237
_____

UNITED STATES OF AMERICA

v.

TYLEEYA WILLIAMS
a/k/a Freak_ALeak18,
Appellant

_____

On Appeal from the U.S. District Court, E.D. Pa.
(D.C. Criminal No. 2:23-cr-00238-001)
District Judge: Honorable Gerald J. Pappert
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 13, 2026

Before: KRAUSE, MASCOTT, FISHER, *Circuit Judges*.

(Filed: August 5, 2026)
_____

OPINION*


FISHER, *Circuit Judge*.

Tyleeya Williams pleaded guilty to one count of manufacture and attempted

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

manufacture of child pornography,[1] two counts of distribution and attempted distribution of child pornography,[2] and one count of possession of child pornography.[3] The District Court sentenced her to an aggregate term of 480 months' (forty years') imprisonment followed by a lifetime of supervised release. Williams appeals the sentence. We will affirm.[4]

First, Williams argues that the District Court clearly erred in finding that she failed to recognize the harm that she caused to all the victims of her crimes. Specifically, she asserts that the District Court misheard her apology in her allocution and then relied on that misapprehension in determining the sentence. Indeed, the District Court initially thought that Williams apologized only to a singular "victim," but defense counsel quickly corrected the record.[5] The District Court then acknowledged that Williams did "express remorse," but it reiterated an overarching concern: Williams spent the bulk of her short allocution and much of the rest of her argument during sentencing proceedings both blaming her criminal behavior on drug use and failing to acknowledge the significant

---

[1] 18 U.S.C. § 2251(a), (e).

[2] *Id.* § 2252(a)(1), (b)(1).

[3] *Id.* § 2252(a)(4)(B), (b)(2).

[4] The District Court exercised jurisdiction under 18 U.S.C. § 3231 (offenses against the laws of the United States). We exercise jurisdiction under 28 U.S.C. § 1291 (final decisions of district courts) and 18 U.S.C. § 3742(a) (review of a sentence). We review the District Court's factual determinations for clear error. *United States v. Denmark*, 13 F.4th 315, 317 (3d Cir. 2021). We review both the procedural and substantive reasonableness of a sentence for abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009).

[5] App. 140.

damage she caused to her many victims.[6] The District Court explained that Williams's "view needs to change if there's going to be a true acceptance of responsibility and remorse as a pathway to . . . being rehabilitated" and that Williams's drug use—which occurred repeatedly over several months rather than in an isolated incident—did not "excuse or mitigate" her behavior.[7]

Guided by the factors enumerated in 18 U.S.C. § 3553(a), the District Court explained Williams's sentence, summarizing in detail Williams's criminal conduct and the arguments she offered during sentencing proceedings. The District Court's explanation barely relied on the initial misapprehension, and the District Court further clarified its reasoning after defense counsel corrected the record. Accordingly, after "reviewing the entire record," we are not "left with the definite and firm conviction that a mistake has been committed," so the District Court did not clearly err.[8]

Second, Williams argues that her sentence is procedurally unreasonable because in weighing her allocution the District Court failed to adequately consider her cognitive limitations and failed to adequately assess the risk of an unwarranted sentencing disparity. But, as in *Tomko*, "[t]he record makes clear that the sentencing judge listened

---

[6] *Id.* at 141–42.

[7] *Id.* at 142; *see also id.* at 125 ("[T]he defendant has no ability to comprehend the scope and extent of the damage and, therefore, no ability to truly apologize for it."); *id.* at 125–26 (describing the scope of Williams's criminal behavior).

[8] *United States v. Napolitan*, 762 F.3d 297, 307 (3d Cir. 2014) (citation omitted).

to each argument" and gave "rational and meaningful consideration [to] the factors enumerated in 18 U.S.C. § 3553(a)."[9]

As to cognitive limitations, the District Court noted that it read and considered the presentence investigation report and the report of Williams's expert at least three times each. Those reports detailed Williams's "upbringing" and the "substance abuse, mental illness, [and] mental and emotional health issues" that resulted.[10] The expert report specifically included a conclusion that Williams's level of intellectual functioning was low, though not so low as to fall into the intellectual disability range. The District Court also stated that it gave "great weight" to the issues defense counsel raised.[11] Those issues included Williams's "mental health,"[12] the "possibility that . . . Williams was autistic,"[13] a possible "cognitive brain injury"[14] from an earlier car accident, a lack of schooling, and, given Williams's relatively young age, her not yet fully developed brain.[15] After "read[ing] everything . . . and listen[ing] to everybody," the District Court announced the 40-year prison sentence, which was a downward departure from the statutory maximum

---

[9] *Tomko*, 562 F.3d at 568 (internal quotations and citations omitted). The Government argues that Williams forfeited her procedural reasonableness arguments by not raising them in the District Court and, therefore, that plain-error review should apply. Appellee's Br. 36–37. We need not address this issue because Williams's arguments fail even when reviewed for abuse of discretion.
[10] App. 128.
[11] *Id.* at 129.
[12] *Id.* at 84.
[13] *Id.*
[14] *Id.* at 85.
[15] *Id.* at 89.

of 90 years—and what would have been, absent the statutory maximum, a Sentencing Guidelines range of life in prison.[16] Because a review of "the record makes clear that the sentencing judge considered the evidence and arguments," no procedural error occurred.[17]

As to the risk of an unwarranted sentencing disparity, Williams asserts that the District Court disregarded "two apparently analogous cases" where the defendants were sentenced to between twenty and twenty-five years in prison.[18] But the record reveals that the District Court considered both cases and that in both cases the facts relevant to sentencing were distinguishable from the facts here. In one case, the defendant had better prognoses for rehabilitation and recidivism; in the other, the defendant had a lower Guidelines range. Williams "bears the 'burden of demonstrating similarity by showing that other defendants' circumstances exactly paralleled [hers], and a court should not consider sentences imposed on defendants in other cases in the absence of such a showing by a party.'"[19] Williams did not satisfy her burden.

Third, Williams argues that the sentence is substantively unreasonable because the District Court placed "untenable adverse weight" on Williams's short allocution.[20] But,

---

[16] App. 122.

[17] *Rita v. United States*, 551 U.S. 338, 359 (2007).

[18] Appellant's Br. 31.

[19] *United States v. Lacerda*, 958 F.3d 196, 215 (3d Cir. 2020) (quoting *United States v. Iglesias*, 535 F.3d 150, 161 n.7 (3d Cir. 2008)).

[20] Appellant's Br 33.

as explained above, the District Court weighed the full scope of Williams's criminal conduct and the arguments she offered throughout her sentencing proceedings—not just her allocution. In fact, the District Court credited many of her arguments, resulting in a below-Guidelines sentence. We "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the" sentence.[21] Williams has failed to show that "no reasonable sentencing court would have imposed the same sentence . . . for the reasons the district court provided" here.[22]

For these reasons, we will affirm.

---

[21] *Gall v. United States*, 552 U.S. 38, 51 (2007).
[22] *Tomko*, 562 F.3d at 568.

6